IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02127-PAB-BNB

STANDARD BANK PLC

Plaintiff,

v.

VERO INSURANCE LIMITED,

Defendant,

RUNGE, INC., f/k/a RUNGE MINING, INC., and d/b/a PINCOCK ALLEN & HOLT,

Nominal Defendant.

---

**ORDER**

---

This matter arises on the following:

(1) **Motion to Stay Discovery and to Convert Scheduling Conference to Status Conference** [Doc. # 42, filed 12/31/2008] (the "Motion to Stay"); and

(2) **Vero's Motion for Protective Order Regarding Plaintiff's Written Discovery Requests to Vero** [Doc. # 43, filed 12/31/2008] (the "Motion for Protective Order").

I held a hearing on these motions today and made rulings on the record, which are incorporated here.

This is a declaratory judgement action in which a claimant seeks a declaration that Vero Insurance Limited ("Vero") has a duty to defend its named insured, Pincock Allen & Holt ("PAH"), in a separate but related lawsuit brought by Standard Bank against PAH. Standard Bank alleges in the related action that PAH provided negligent professional services to Standard

Bank in connection with due diligence performed to evaluate a mining operation in connection with a loan made by Standard Bank.

Vero seeks to stay the case pending a determination of its motion to dismiss. In support of the request, Vero asserts that requiring it to pursue disclosures and discovery will impose substantial costs and burdens which may prove unnecessary in the event its motion to dismiss is granted.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The average time from the filing of a dispositive motion to its determination in this district in 2007 was 6.7 months. Consequently, staying the case while Vero's motion to dismiss

is pending could substantially delay the ultimate resolution of the matter, with injurious consequences to the parties and the judicial system. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
>
> * * *
>
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied more often than they result in the termination of a case, and in this case it is not obvious to me that Vero's motion to dismiss will be granted. Consequently, without presuming to forecast the district judge's ruling on the motion to dismiss, it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary.

Parties always are burdened when they engage in litigation, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the parties in this case. Moreover, it generally is the policy in this district not to stay proceedings pending a ruling on a motion to dismiss. See Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 **4-5 (D. Colo. Aug. 14, 2006).

For the same reasons that it is not appropriate to stay all discovery, it also is not appropriate to grant a protective order as to the discovery already served.

IT IS ORDERED that the Motion to Stay [Doc. # 42] is DENIED.

IT IS FURTHER ORDERED that the Motion for Protective Order [Doc. # 43] is DENIED.

Dated January 13, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge